**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ABASSE GAKOU** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:26-CV-02878-E** |
| | § | |
| **WARDEN, Prairieland Detention Center, ET AL.,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Before the Court are Petitioner Abasse Gakou's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion" or "TRO") (ECF No. 3); Respondents' Response and Appendix in Support (ECF Nos. 13, 14); and Petitioner's Reply (ECF No. 15). Having considered the Petition, Motion, briefing, and applicable law, the Court **DENIES** the Petition and Motion for the reasons stated herein.

## I. BACKGROUND[1]

Petitioner is a native of Senegal who was ordered removed in November 2023 after being found to be an inadmissible alien present without admission or parole. Petitioner was simultaneously granted withholding of removal as to Senegal under the Convention Against Torture. In December 2023, Petitioner was released from detention with an Order of Supervision. In July 2026, Petitioner was re-detained. On August 27, 2026, Petitioner filed this action based on claims that he was improperly re-detained and that his detention violates due process or other regulatory or statutory requirements. Petitioner also sought a temporary restraining order and

[1] The undisputed facts are taken from the Petition. *See* ECF No. 1.

preliminary injunction.[2] The Court issued an order temporarily staying Petitioner's removal.[3] The Petition and Motion have now been briefed and are ripe for the Court's review.

## II. LEGAL STANDARD

A person held "in custody in violation of the Constitution or laws or treaties of the United States" can seek relief under a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Habeas exists only "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

## III. ANALYSIS

### A. Petitioner's Procedural Challenges

Petitioner brings multiple claims premised on a violation of his procedural rights in Counts One, Two, and Four. In Counts One and Two, Petitioner relies on 28 C.F.R. §§ 241.13, 241.4, and due process principles to argue that Respondents violated the Immigration and Nationality Act ("INA") and Fifth Amendment by detaining him without showing any violation of his administrative order of supervision or any "changed circumstances establishing a significant likelihood of removal in the reasonably foreseeable future."[4] Petitioner continues that he did not receive "advance notice" of the reasons for revoking his administrative release, and allegedly still has not received notice of why he was re-detained, "to this day."[5]

---

[2] *See generally* Mot. TRO, ECF No. 3.
[3] Order Staying Removal, ECF No. 7.
[4] Pet. ¶ 71, ECF No. 1.
[5] *Id.* at ¶¶ 76, 78.

Petitioner's arguments are based on Respondents' failure to follow their own rules. Such arguments amount to *Accardi* claims and are not properly before the Court.[6] Habeas review is limited to the cause of detention. *Pierre*, 525 F.2d at 935–36; *Huynh v. Noem*, No. 4:26-CV-17-O, 2026 WL 694481, at *3 (N.D. Tex. Mar. 12. 2026). The sole function of habeas is "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre*, 525 F.2d at 935–36. Claims improperly brought under habeas should be dismissed for lack of jurisdiction. *Lee v. Gonzales*, 410 F.3d 778, 785 (5th Cir. 2005). The "Fifth Circuit has confirmed in other contexts that the failure of officials 'to follow their own policies, without more, does not constitute a violation of due process, making a writ of habeas corpus generally not available.'" *Nguyen v. Noem*, 797 F. Supp. 3d 651, 664 (N.D. Tex. 2025) (quoting *Iruegas-Maciel v. Dobre*, 67 F. App'x 253, 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996))).

Here, Petitioner does not show that he has a constitutional right to the kind of notice and informal interview specified in the regulations. *See Nguyen*, 797 F. Supp. 3d at 664 ("A violation of Section 241.13(i)(3) alone cannot justify habeas. It is a mere administrative regulation, not required as the result of the Constitution." (internal citation omitted)); *see also* Order Denying Habeas Petition, ECF No. 40 at 9–11, *Shidaev v. Warden, Eden Detention Cetner*, 6:25-CV-107-H (N.D. Tex. Jul. 29, 2026) (hereinafter "*Shidaev*") ("Because [Petitioner] is subject to detention for the purpose of effecting his removal from the United States, *see* 8 C.F.R. § 241.4(l)(2)(iii), nothing about the purported regulatory violation calls into question the validity of his confinement.").

---

[6] *Id.* at ¶ 36 (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)).

In Count Four, Petitioner also asserts that his Fifth Amendment Due Process rights are being violated by his continued detention and that the three-factor test laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) requires his release.[7] But the Supreme Court has explained that "we have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews.*" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (citing *Demore v. Kim*, 538 U.S. 510, 523, 526–29 (2003); *Dusenbery v. United States*, 534 U.S. 161, 168 (2002)). Thus, the Court does not apply the *Mathews* factors here.[8]

Moreover, Petitioner has likely received the requisite due process in the form of notice as to why he was re-detained. Respondents represent that Petitioner was served with a Form 71-091 Notice of Revocation of Release in July 2026 which expressly explained the basis for re-detention.[9] Petitioner has also, in connection with the instant proceeding, "had the opportunity to obtain counsel, to make a full argument to a federal court regarding his detention, submit evidence, respond to the respondents' arguments, and benefit from the Court's orders." *See Ladak v. Noem*,

---

[7] *Id.* at ¶¶ 87–90.

[8] The three *Mathews* factors are (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Even applying the *Mathews* factors Petitioner's habeas claim would not succeed. While Petitioner no doubt has a personal liberty interest, this interest is substantially diminished given that he is in the United States illegally. His personal liberty interest is also overshadowed by the Government's interest in "control over matters of immigration [which] is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Likewise, the risk of erroneous deprivation of rights is negligible. *See Rodriguez*, 53 F.4th at 1208 (finding that the *Matthews* factors weighed against release from detention because of sufficient procedural safeguards and the government's strong interest in immigration enforcement).

[9] *See* Appx. Supp. Resp. 005, ECF No. 14 ("Your release has been revoked pursuant to 8 C.F.R. § 241.4(l) [because] [c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future," and because "ICE has obtained a travel document and has scheduled your removal to take place . . . .").

814 F. Supp. 3d 712, 724 (N.D. Tex. 2026). "As a result, [Petitioner] has clearly been given notice because the respondents have fully explained through briefing and declarations the basis for their conclusion" to re-detain him. *See id.* (internal quotation marks and citation omitted).

Therefore, "[b]ecause [Petitioner] has received more than full notice and an opportunity to be heard, even if the respondents failed to conform to the regulations set forth in Section 241.4(l)(1) and the factors for consideration in re-detention in Section 241.13(f), any error is now harmless in light of the procedures in this case." *Id.* at 724. "There is no basis, on these grounds, for ordering [Petitioner's] immediate release." *Id.* "Because habeas is not backward-looking, the process provided now renders forward-looking relief separately inappropriate." *Id.*

### B. Petitioner's *Zadvydas*-Based Claims

Petitioner also argues that his detention is unlawful under 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). In Counts Three and Five, Petitioner argues that his detention has become unconstitutionally prolonged for a period longer than "reasonably necessary to bring [about] [his] removal from the United States."[10] But as Respondents point out, Petitioner has not met his burden.[11]

In *Zadvydas*, the Supreme Court held indefinite detention pursuant to 8 U.S.C. § 1231(a)(6) would "raise a serious constitutional problem." *Zadvydas*, 533 U.S. at 690. The Supreme Court therefore interpreted § 1231(a)(6) to permit detention beyond the 90-day removal period for only such time as is "reasonably necessary to bring about [an] alien's removal from the United States." *Id.* at 689. It concluded that six-months beyond the removal period was presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant

[10] Pet. ¶ 83, ECF No. 1 (quoting *Zadvydas*, 533 U.S. at 689).
[11] Resp. 5–6, ECF No. 13.

likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Petitioner has not been detained for more than six months. Petitioner re-entered § 1231 detention upon being re-detained in July 2026.[12] Though Petitioner is likely correct that the *Zadvydas* presumption is rebuttable, he has not done so here.[13] Additionally, there is abundant evidence that Petitioner's removal is significantly likely in the reasonably foreseeable future. The most compelling being Petitioner's requested emergency relief from this Court to stay his removal because it was likely to occur within hours.[14] Accordingly, Petitioner's *Zadvydas* claims (Counts Three and Five) fail.

**C. Third Country Removal Claims**

Petitioner's final claim asserts that any attempt to remove him to a third country without "meaningful notice and an opportunity to seek asylum, withholding of removal, and protection under the Convention Against Torture in immigration-court proceedings" would violate due process.[15]

The "Supreme Court has held that the 'Fifth Amendment entitles aliens to due process of law in the context of removal proceedings,'" and "has 'long held that no person shall be removed from the United States without opportunity, at some time, to be heard.'" *Camara v. Vergara*, No. 3:26-CV-2513-X, 2026 WL 2256694, at *4 (N.D. Tex. Aug. 5, 2026) (citations omitted). "But the question of what procedures the Constitution requires is 'a topic of ongoing controversy.'" *Id.* (quoting *Alsheref v. Noem*, No. 1:25-CV-190-H, 2025 WL 4220420, at *3 (N.D. Tex. Dec. 3,

---

[12] *See* Pet. ¶¶ 2–4, ECF No. 1.
[13] Reply 9, ECF No. 15.
[14] *See* Order Staying Removal, ECF No. 7 ("Petitioner informs the court via electronic mail that he may be removed from the United States as soon as tonight[.]").
[15] Pet. ¶ 97, ECF No. 1.

2025)). The essential requirements of procedural due process are: (1) notice; and (2) an opportunity to be heard. *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970). In the removal context, the Supreme Court has explained that "detainees must receive notice . . . that they are subject to removal under the Act . . . within a reasonable time and in such a manner as will allow them to actually seek habeas relief." *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025).

Applying the Supreme Court's holdings, the Court finds that Petitioner has received the process he is due. *See Camara*, 2026 WL 2256694, at *4. Petitioner has been on notice of the government's plans to remove him to Sierra Leone since at least September 2, 2026—almost four weeks ago.[16] Petitioner has also had the benefit of the briefing and declarations in this case which lay out the basis for their conclusion. *Nguyen*, 797 F. Supp. 3d at 663 ("He has clearly been given notice because the respondents have fully explained through briefing and declarations the basis for their conclusion."). Such notice is sufficient process in the alien context. *A. A. R. P. v. Trump*, 605 U.S. 91, 94–95 (2025) ("Due process requires notice that is reasonably calculated, under all the circumstances, to apprise interested parties and that affords a reasonable time . . . to make an appearance.") (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (cleaned up)).

Petitioner has also had an opportunity to be heard. Up until today, Petitioner's attorneys were successful in seeking relief from this Court halting Petitioner's removal.[17] Petitioner is—and has been—free to seek relief before the immigration court, including through a motion to reopen. Petitioner's contention that there no guarantee a motion to reopen will be granted in the immigration court is unavailing.[18] "[D]ue process requires notice and an opportunity to be heard;

[16] *See* Appx. Supp. Resp. 011, ECF No. 14.
[17] *See* Order Staying Removal, ECF No. 7.
[18] Reply 1–4, ECF No. 15.

it does not require a particular outcome, guarantee that discretionary relief within another branch of government will be granted, or permit this Court to direct how the Executive Branch must exercise authority Congress committed to it." *Camara*, 2026 WL 2256694, at *4 (citing *A. A. R. P.*, 605 U.S. at 95). Thus, Petitioner has received all the process he is due.

Besides, Petitioner's claim would also fail because any error on the part of the Respondents was likely harmless. *Cf. Nguyen*, 797 F. Supp. 3d at 662–63 (finding that "[e]ven if the [government] did fail to abide by [procedural] requirements . . . any error was harmless"). Whereas Petitioner presents only generalized information regarding Sierra Leone's (the proposed third country) safety,[19] Respondents provide specific and credible assurances that aliens removed to Sierre Leone will not be persecuted or tortured there, or in any other country to which they may be transferred.[20] *See Shidaev*, ECF No. 40 at 12–13 ("Because [the petitioner] can show no particularized harm from removal to the Central African Republic, his claim would fail even if it were properly before the Court.").[21]

**D. Petitioner's Motion for TRO/PI**

For Petitioner to obtain injunctive relief he must show a substantial likelihood of success on the merits of his habeas claims. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). For the reasons stated above, Petitioner has not demonstrated a substantial likelihood of success on the merits of those claims. Thus, the Court **DENIES** Petitioner's Motion for Temporary Restraining Order.

---

[19] Reply n.5, ECF No. 15.

[20] *See* Appx. Supp. Resp. (Vu Cam Decl.) 010, ECF No. 14.

[21] The Court also notes that Respondents are likely happy to grant the release requested—"provided the release occurs in the cabin of a plane bound for [Sierra Leone]." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020).

Petitioner's Motion also fails for an independent reason: the relief requested is beyond the remit of habeas corpus. Petitioner's Motion asks the Court to order "an evidentiary hearing in removal proceedings before an Immigration Judge" as well as at least 10 days' notice of any planned third country removal.[22] Even if the Court were to grant such relief, it does not follow that Petitioner would be entitled to "simple release" because there remains a valid order for his removal. *See Demore*, 538 U.S. at 523 (noting that the Supreme Court has long "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process").

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi*, 542 U.S. at 536). Claims that seek relief beyond the "simple release" that is at the "core" of habeas may not be pursued through habeas. *Thuraissigiam*, 591 U.S. at 119. Here, Petitioner does not want "simple release" but, ultimately for the Court to direct the actions of another branch of government. But the Court "cannot substitute its judgment for that of the immigration judge or direct the Executive Branch to exercise discretionary authority in a particular manner." *Camara*, 2026 WL 2256694, at *3 (citing 8 U.S.C. § 1252(a)(2)(B)). Accordingly, Petitioner's Motion for Temporary Restraining Order must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) are **DENIED**. The Court's Order Staying Removal (ECF No. 7) is **VACATED**.

**SO ORDERED** on this **29th day** of **September, 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

[22] Mot. TRO 22, ECF No. 3.